FILED
JUL 13 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES R. BEHRENFELD, | ) 06C3810 |
| | ) JUDGE DARRAH |
| Plaintiff, | ) MAGISTRATE JUDGE SCHENKIER |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| BLITT & GAINES, PC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff James R. Behrenfeld, by his attorney, Jason G. Shanfield, brings this complaint to secure redress for the unlawful conduct of Defendant Blitt & Gaines, PC ("Blitt & Gaines"), and states the following in support of his complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing at 957 Acres Lane, Des Plaines, Illinois.

2. Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue is a credit card debt incurred for personal, family, or household purposes.

3. Defendant Blitt & Gaines, PC is a corporation organized under the laws of Illinois with its principal place of business at 318 West Adams Street, Suite 1600, Chicago, Illinois.

4. Defendant Blitt & Gaines is a debt collector within in the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred in this district.

## MATTERS COMMON TO MULTIPLE COUNTS

7. On August 15, 2005, Blitt & Gaines sent plaintiff a dunning letter attempting to collect from Plaintiff an alleged Providian credit card debt. **Exhibit A**.

8. On August 24, 2005, one of Plaintiff's attorneys faxed and mailed a letter to Fred N. Blitt, president of Blitt & Gaines and signatory of the August 15, 2005 letter, advising him that (a) Plaintiff was represented by an attorney with respect to the Providian debt and any other alleged debt Blitt & Gaines may seek to collect; (b) Plaintiff disputed the debt; and (c) Plaintiff wished Blitt & Gaines to cease all further communication with him. **Exhibit B**.

9. Plaintiff having disputed the debt within 30 days of receiving **Exhibit A**, Blitt & Gaines was required to cease all debt collection activity with respect to the alleged Providian debt until it provided Plaintiff with verification. 15 U.S.C. § 1692g(b).

10. Blitt & Gaines never provided Plaintiff's counsel with the verification required by Plaintiff's counsel's written dispute of August 23, 2005.

11. Instead, on May 3, 2006, Defendant Blitt & Gaines sent **Exhibit C** directly to plaintiff at his home.

## COUNT I – VIOLATIONS OF 15 U.S.C. § 1692, et seq.

12. Plaintiff incorporates paragraphs 1 through 11.

13. Section 1692g(b) of the Fair Debt Collection Practices Act provides:

**(b) Disputed debts**
**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a**

2

judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

14. Defendant violated 15 U.S.C. § 1692 by failing to cease debt collection activity until it provided Plaintiff with the requested verification.

15. Section 1692c(a) of the Fair Debt Collection Practices Act provides, in relevant part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> ...
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending Plaintiff **Exhibit C** after learning that he was represented by counsel with respect to the alleged debt.

17. Section 1692c(c) of the Fair Debt Collection Practices Act provides, in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

3

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

18. Defendant violated 15 U.S.C. § 1692c(c) by sending **Exhibit C** directly to plaintiff after having been informed in writing by Plaintiff's counsel that Plaintiff no longer wished to receive dunning correspondence from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff James R. Behrenfeld and against Defendant Blitt & Gaines, PC for:

    a.    Statutory damages under 15 U.S.C. § 1692k.

    b.    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

    c.    Such other and further relief as the Court deems appropriate.

JAMES R. BEHRENFELD

_____
One of his attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue, No. 3
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

4

FILED
JUL 1 3 2006 NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. BEHRENFELD, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| BLITT & GAINES, PC., | ) | |
| | ) | |
| Defendant. | ) | |

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury of all claims so triable.

JAMES R. BEHRENFELD

_____
One of his attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue, No. 3
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

# Exhibit A

# BLITT AND GAINES, P.C.
*Attorneys at Law*

318 W. Adams Street*Suite 1600*Chicago, IL 60606*(312) 920-0620*Fax (312) 920-0625

August 15, 2005

James R Behrenfeld
957 Acres Ln
Des Plaines, Illinois 60016

      Re: Crown Asset Management, LLC
          Balance Due: $11,610.77
          Our File Number: 05-16675-0
          Client Number: 2004102800345

Dear Mr. Behrenfeld:

Please be advised that we have been retained by **Crown Asset Management, LLC** to collect their account in the amount above stated. The original creditor is **Providian**.

Please give this matter your prompt attention and direct full payment in the form of a certified check, cashier's check, or money order to the above address. If you wish to discuss an amicable payment arrangement, please contact us at the above phone number.

Unless you dispute the validity of this debt or any part of it within thirty (30) days from the date of receipt of this letter, we will assume the debt is valid. If in that time you advise us in writing of a dispute we will obtain verification and mail it to you.

If you request of us in writing within thirty (30) days from the date of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

BLITT AND GAINES, P.C.

Fred N. Blitt

# Exhibit B



**LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO**

111 West Jackson Boulevar
Suite 300
Chicago, Illinois 60604-35(
312.341.1070 Phone
312.341.1041 Fax
312.431.1206 TDD
www.lafchicago.org

Writer's Direct Dial: *312-347-8363*

August 24, 2005

Fred N. Blitt
Blitt & Gaines, PC
318 W. Adams Street, Suite 1600
Chicago, Illinois 60606

    Re:    James R. Behrenfeld
              Your file # 05-16675-0

Dear Mr. Blitt,

Please be advised that I have been retained to represent James Behrenfeld in connection with the above referenced file and any other debts which you may seek to collect from him. Mr. Behrenfeld hereby disputes the amount of the purported debt.

Be further advised that Mr. Behrenfeld is a senior citizen, his income is from Social Security plus a very small amount of self-employment income, and he has no assets.

Please cease all further communication with my client. Feel free to call me if you have any questions or comments.

Sincerely,

Michelle A. Weinberg
Senior Staff Attorney

*Equal Access to Justice*

LSC
America's Partner
For Equal Justice

# Exhibit C

# BLITT AND GAINES, P.C.
*Attorneys at Law*

318 W. Adams Street*Suite 1600*Chicago, IL 60606*(312) 920-0620*Fax (312) 920-0625

May 3, 2006

James R Behrenfeld
957 Acres Ln.
Des Plaines, Illinois 60016

      Re: Providian
          Balance Due: $11,610.77
          Our File Number: 06-10688-0
          Client Number: 5680300100619717

Dear Mr. Behrenfeld:

Please be advised that we have been retained by **Crown Asset Management, LLC** to collect their account in the amount above stated. The original creditor is **Providian**.

Please give this matter your prompt attention and direct full payment in the form of a certified check, cashier's check, or money order to the above address. If you wish to discuss an amicable payment arrangement, please contact us at the above phone number.

Unless you dispute the validity of this debt or any part of it within thirty (30) days from the date of receipt of this letter, we will assume the debt is valid. If in that time you advise us in writing of a dispute we will obtain verification and mail it to you.

If you request of us in writing within thirty (30) days from the date of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

BLITT AND GAINES, P.C.